No. 23,972.

The Farmers Union Coöperative Shipping Association, *Appellant*, v. George F. Schultze, *Appellee*.

SYLLABUS BY THE COURT.

Coöperative Association—*Manager Charged with Buying Wheat from Himself at Excessive Price.* In an action against its manager by a coöperative association engaged in buying and selling grain, brought to recover the alleged excess in the .price paid by him as its agent for his own wheat, it is held that the evidence does not require the reversal of a judgment for the defendant.

Appeal from Osborne district court; William R. Mitchell, judge. Opinion filed February 10, 1923. Affirmed.

*John J. McCurdy,* of Lincoln, *David Ritchie,* and *Omer D. Smith,* both of Salina, for the appellant.

*H. McCaslin,* of Osborne, for the appellee.

The opinion of the court was delivered by

Mason, J.: George F. Schultze was employed by the Farmers Union Coöperative Shipping Association, of Natoma, of which he was a member, as manager of its elevator at that place. His duties included the buying and selling of grain, he fixing the price. On August 9, 10, 11 and 12, 1920, he delivered to the elevator a fraction over 795 bushels of wheat for which he paid himself from the funds of the association $1,947.75, and on October 18, 1920, he delivered a fraction over 195 bushels for which he paid himself $351.60. On November 22, 1920, the association discharged Schultze and thereafter brought this action against him for $418.55, claiming that what he had received for his wheat was excessive by that amount. A verdict was returned in his favor, on which judgment was rendered, from which this appeal is taken.

The plaintiff contends that the evidence showed conclusively that it was entitled to recover. No special findings were made, and so far as necessary to support the judgment it must be assumed that the jury disbelieved all evidence where a question of veracity or opinion was involved and resolved in favor of the defendant all debatable inferences from admitted or established facts.

The instructions are accepted as correct by both parties. They included statements that the defendant owed a duty to the plain-

tiff˙to deal fairly and in good faith with it and had no right to make an individual profit out of transacting its business. They did not in terms refer to market value, but submitted the vital issue in these words:

"If you believe from the evidence in this case that the defendant sold his wheat to plaintiff and paid himself more than he was paying or would have paid other customers selling wheat of the same grade, he would be liable to plaintiff for said amount, if any, he paid himself in excess of what he was paying or would have paid other customers for similar wheat, at that time."

The defendant's mental attitude—the honesty of his intentions—was a matter on which the decision of the triers of the facts is final. The only relief asked is the recovery of the amount by which the price received by the defendant for his own wheat exceeds what as manager, he had a right to pay, which the plaintiff in its brief assumes to have been the market price at Natoma. The question to be determined is therefore whether the evidence, rejecting such portion as the jury may have discredited, compels the conclusion that the defendant paid himself more than he was paying or would have paid others under the same circumstances.

The defendant as the plaintiff's agent paid himself $2.45 a bushel for the wheat he delivered in August. He testified that in arriving at this he averaged the market price at Kansas City for the four days, making $2.60¾, and that the plaintiff was given a clear profit of 4¾ cents a bushel. There was evidence that the expense of shipment to Kansas City was 10¾ cents. A former manager of the association testified that "in a way, the plaintiff's elevator bought wheat on a different basis from those who were buying for profit;" that "three cents per bushel is not considered a fair profit on $2.50 wheat but is what we figured when wheat was 50 or 60 cents. When war time came we took more margin on high-priced wheat." Two buyers in Natoma (one of whom bought under outside instructions as to price) testified that at the time of the transaction here in question they were paying about $2 for wheat. There was other testimony tending to show that to have been the approximate local market price, but obviously this evidence taken altogether was not absolutely conclusive on the subject. The market price at Kansas City was an element to be considered. (*Evans v. Moseley*, 84 Kan. 322, 114 Pac. 374.)

From August 7 to 17, 1920, the defendant bought no wheat except his own, because the scales were out and, as he said, "I could

Bank v. Bracey.

not expect customers to weigh on my competitor's scales and dump in my elevator." He admitted on the stand that on August 7 he bought two loads of wheat at $2.05 or $2.10 while the Kansas City price was about $2.60. Being asked by the plaintiff what the price was then he said he could explain the price of the two loads, but was not at the time asked to do so. Testifying in his own behalf he said, "I probably had some bids over the phone that influenced price on the 7th." He also said: "In fixing the price of wheat I took into consideration my bids, the Kansas City market and my hedging sales." The effect of all this testimony was for the jury and trial court, and we cannot say that the verdict and judgment were against the admitted or conclusively established facts.

The defendant testified that he paid $1.80 for four loads of his own No. 1 wheat on October 18, 1920, and on the same day paid to another seller $1.75 for No. 2 and $1.72 for a load of weedy wheat. Here the disparity is obviously not so great as to suggest unfairness.

It is unnecessary to detail other circumstances relied upon by the plaintiff as supporting its view, for the inference to be drawn from them was a matter for the determination of the jury and trial court.

The judgment is affirmed.